UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Docket No.: 07-CV-3920
------------------------------------------------------------------X
GREGORY BELFIELD, individually and on behalf of All
Other Persons Similarly Situated,,

                      Plaintiff(s),                    **ANSWER TO**
**COMPLAINT & JURY**
**DEMAND**

               - against -

GUARD ALL SECURITY SERVICES, INC. GUARD ALL
MANAGEMENT SERVICES, INC., ON GUARD
SECURITY SERVICES & INVESTIGATIONS, INC., ON
GUARD SECURITY SERVICES, INC., ROBERT
ALBERTS and JOHN DOES #1-10, Jointly and Severally,

               Defendant(s).
------------------------------------------------------------------X


       Defendants, **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON
GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** by their attorneys,
**KUCZINSKI VILA & ASSOCIATES, LLP.**, upon information and belief, Answer the Complaint
of plaintiff as follows:


## ANSWERING THE NATURE OF THE ACTION PARAGRAPH


       1.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS,
INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** denies each and
every allegation contained in paragraphs numbered **"1"** and **"2"**, and respectfully refers all
questions of law to this Honorable Court.

## ANSWERING THE JURISDICTIONAL VENUE PARAGRAPHS

2.     The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered **"3" and "5"**, and  respectfully refers all questions of law to this Honorable Court.

3.     The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** denies knowledge or information sufficient to form a belief as to allegations contained in the paragraphs of the Complaint herein designated as: **"4"**.

## ANSWERING THE PARTIES PARAGRAPHS

4.     The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and  ROBERT ALBERTS** denies knowledge or information sufficient to form a belief as to allegations contained in the paragraphs of the Compliant herein designated as **"6", 7", "8", "9", "13"**.

5.     The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and  ROBERT ALBERTS** admits to each and every allegation contained in the paragraphs of the Complaint herein designated as **"10"**.

6.     The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and  ROBERT ALBERTS** denies each and every allegation contained in the paragraphs of the Complaint herein designated as **"11"**.

7.     The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and  ROBERT ALBERTS**, denies each and every allegation contained in the paragraphs of the Complaint herein designated as **"12"**,

except admit that defendant **ROBERT ALBERTS** is an officer, of **ON GUARD SECURITY SERVICES, INC.**

## ANSWERING THE COLLECTIVE ACTION ALLEGATIONS

8.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and  ROBERT ALBERTS** denies each and every allegation contained in paragraphs numbered **"14"** and  respectfully refers all questions of law to this Honorable Court.

9.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and  ROBERT ALBERTS** denies each and every allegation contained in paragraphs numbered **"15", "16", "17" and "18".**

10.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and  ROBERT ALBERTS** denies knowledge or information sufficient to form a belief as to allegations contained in the paragraphs of the Compliant herein designated as **"19".**

## ANSWERING THE CLASS ALLEGATIONS

11.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and  ROBERT ALBERTS** denies knowledge or information sufficient to form a belief as to allegations contained in the paragraphs of the Compliant herein designated as **"20"and "25".**

12.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and  ROBERT ALBERTS** denies each and every allegation contained in paragraphs numbered **"21"** and  respectfully refers all questions of law to this Honorable Court.

13.    The defendants **ON GUARD SECURITY SERVICES &
INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT
ALBERTS** denies each and every allegation contained in the paragraphs of the Complaint herein
designated as **"22", "23", "24", "26" and "27".**

## ANSWERING THE STATEMENT OF FACTS ALLEGATIONS

14.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS,
INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS**, denies
knowledge or information sufficient to form a belief as to the allegation contained in the
paragraphs of the Complaint herein designated as **"28"**, except admit that defendant **ON
GUARD SECURITY SERVICES, INC. and ON GUARD SECURITY SERVICES &
INVESTIGATIONS, INC.** operated a security guard company.

15.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS,
INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS**, denies each
and every allegation contained in the paragraphs of the Complaint herein designated as **"29"**,
except admit that plaintiff was employed as a security guard by the defendant **ON GUARD
SECURITY SERVICES, INC and/or ON GUARD SECURITY SERVICES &
INVESTIGATIONS, INC.** from July of 2006 to April of 2007.

16.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS,
INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS**, denies
knowledge or information sufficient to form a belief as to the allegation contained in the
paragraphs of the Complaint herein designated as **"30"**.

17.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS,
INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** denies each
and every allegation contained in paragraphs numbered **"31", "32", "33", "34", "35", "36",
"37" and "38".**

## ANSWERING THE FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

18.   The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** repeats, reiterates and re-alleges each and every allegation set forth above in Paragraphs 1 through 17 of the Answer herein.

19.   The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** denies each and every allegation contained in paragraphs numbered **"40", "41", "45", "46", "47" and "48"** and respectfully refers all questions of law to this Honorable Court.

20.   The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS,** denies knowledge or information sufficient to form a belief as to the allegation contained in the paragraphs of the Complaint herein designated as **"42" and "43".**

21.   The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** denies each and every allegation contained in paragraphs numbered **"44".**

## ANSWERING THE SECOND CLAIM FOR RELIEF, NEW YORK LABOR LAW

22.   The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** repeats, reiterates and re-alleges each and every allegation set forth above in Paragraphs 1 through 21 of the Answer herein

23.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** denies each and every allegation contained in paragraphs numbered **"50", "51", "54", "55"**and respectfully refers all questions of law to this Honorable Court.

24.    The defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** denies each and every allegation contained in paragraphs numbered **"52" and "53".**

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The statute of limitations has expired on some or all the claims for relief thereby warranting dismissal of any and all claims in which the statute of limitations has expired.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Responding defendants are not successors in interest, joint employers to the co-defendants and there is no "substantial continuity" between the responding defendants and co-defendants and any claim for damages during the period of plaintiff's employment or others similarly situated and employed with the co-defendant cannot be maintained against responding defendants and must be dismissed as a matter of law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Responding defendants are not jointly or severally liable with the co-defendants for any judgment obtained against the co-defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant **ROBERT ALBERTS** is not a proper party to the lawsuit as he has never employed the plaintiff or any alleged class of similarly situated employees of the remaining defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Responding defendants never assumed any liabilities or debts of the co-defendants and any claims for damages during the period of plaintiff's employment or other similarly situated

employees with the co-defendants cannot be maintained against responding defendants and must be dismissed as a matter of law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The complaint fails to satisfy the requirements for the class action certification pursuant to Rule 23 of the Red Rules of Civil Procedure or under any New York Labor Law Claim or for any FLSA Collective Action Claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are not similarly situated to other employees for a FLSA Collective Actions Claim or typical of any purported class action members and plaintiff cannot fairly and adequately protect the interests of the purported class warranting denial of class action certification or collective action certification under Federal Law or pursuant to New York State Law.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The purported collective class of plaintiff's is not so numerous that certification of the lawsuit as a class action or collective action is warranted under Federal or New York State Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The claims and/or defenses involved in the subject lawsuit are not typical of any purported class members and as such class action certification or collective action certification is not warranted under Federal or New York State Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

There are not common questions of law or fact warranting denial of any certification of class action or collective action status under Federal or New York State Law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Any claims alleging violation of New York State Labor Law where liquidated damages or penalties are sought are barred from Class Action Certification as New York State Law, CPLR Section 901, prohibits such class actions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or claims upon which relief can be granted warranting dismissal of these claims.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to plead with particularity any and all claims requiring particularity of pleadings.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The responding defendants did not engage in any intentional act or malicious act or any negligent acts against the plaintiffs.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Responding defendants actions did not rise to the level of egregious conduct, moral turpitude, callous disregard, deliberate indifference, maliciousness, willfulness or amount to a public, as opposed to a private, right to warrant the imposition of punitive liquidated or statutory damages or pursuant to any standards or measure of damages imposed by law pursuant to the Fair Labor Standards Act or New York State Labor Law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The responding defendants did not employ plaintiff during the entire time of plaintiff's alleged "class period" or "time period" and as such there is no viable claim against responding defendants for any damages which may have accrued during periods of non-employment.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages or take any or all appropriate actions to properly and timely investigate any and all claims.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs through omission or commission committed acts of negligence, recklessness, carelessness,  comparative and contributory negligence warranting dismissal of any and all of

plaintiffs claims or a reduction in any damage award by the percentage of the plaintiff's comparative fault or failure to mitigate damages.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

That any and all damages that plaintiff can prove or are entitled to by operation of law were committed by the co-defendants and/or others and not by any actions or inactions, negligence, wilful or malicious acts of the responding defendant.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join any and all necessary or indispensable parties who participated in or committed any of the allegations alleged in the complaint against the plaintiffs.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

That if the plaintiffs suffered the damages alleged in the complaint it was caused by individuals or entities that the responding defendant had no privity with or control over.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

The respondent defendant hereby denies liability, however, if a measure of damages of 50% or less is found against this answering defendant then this answering defendant is entitled to the limitations of liability as set forth in the CPLR Article 16 for any pendant State Law claims in which Article 16 of the CPLR is applicable.

## AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE

Any recovery or verdict against the answering defendant must be reduced by virtue of the failure of the plaintiffs to have exercised due care to avoid, eliminate and mitigate any and all injury and/or damages allegedly sustained.

## AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE

There is no proximate cause between any of the acts alleged against the responding defendant and plaintiffs alleged injuries and/or alleged claims or damages.

### AS AND FOR A TWENTY FIFTH  AFFIRMATIVE DEFENSE

That the injuries, losses, damages, occurrences alleged in the complaint was the result of independent and intervening causes or superceding causes over which these responding defendants had no control or right of control and in no way participated.

### AS AND FOR A TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because plaintiff failed to comply with and satisfy all or any procedural or statutory prerequisites for bringing and maintaining this action.

### AS AND FOR A TWENTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and all other employees similarly situated or all employees who are members of nay potential class action or collective action are not subject to the uniform laundering or maintenance requirements of New York State Regulations cited by plaintiff and any claim for damages pursuant to these regulations is barred.

### AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS GUARD ALL SECURITY SERVICES, INC. and GUARD ALL MANAGEMENT SERVICES, INC.

If the plaintiff sustained the injuries and damages in the manner and at the time and place alleged and if it is found that these answering defendants are liable to the plaintiff herein and upon said allegations of the complaint and the pleadings in evidence said damages were sustained by reason of the sole active and primary carelessness and/or recklessness and/or negligence and/or gross negligence and/or culpable conduct and/or affirmative acts of commission or omission as well as violations of rules, statutes or ordinances and/or breach of contract and/or breach of warranty and/or hold harmless agreement and/or strict liability and/or intentional and/or illegal acts of the co-defendants in causing, permitting, allowing and creating any and all of the conditions or allegations and/or circumstances alleged in the complaint then these answering defendants are entitled to complete indemnification both contractual and common law on any judgment over against the co-defendants herein for all or part of any verdict or judgment that plaintiff may recover against the answering defendants, in the event judgment over is not recovered on the basis of full indemnification, then these answering defendants demands judgment over and against the named co-defendants herein on the basis of an

apportionment of responsibility and contribution for the alleged occurrence and damages as set forth in the complaint for all or part of any judgment or verdict that plaintiff may recover against said answering defendants and that all of the provisions or limitations of liability under the terms under Article 16 of the CPLR for pendant State Law claims are pleaded herein by the cross-claiming defendant together with costs, disbursements and reasonable attorneys fees.

**WHEREFORE,** the defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS,** demands judgment dismissing the complaint of the plaintiffs and further demands pursuant to Rule 23 of the Federal Rules of Civil Procedure that the complaint not be certified as a class action or as a collective action pursuant to Federal Labor Law Standards Act and in the event the defendants is found liable to the plaintiffs herein then these answering defendants on the basis of indemnification or contribution or apportionment of responsibility have judgment over against the aforementioned defendants on the Cross-claims for all or part of the verdict or judgment that plaintiff may recover against these answering defendants with cost and disbursements of this action plus any and all attorneys fees.

## DEMAND FOR TRIAL BY JURY

Defendants **ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS** demands a Trial by Jury on all questions of fact raised in the Complaint pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: Tarrytown, New York
July 2, 2007

Yours, etc.,
KUCZINSKI, VILA & ASSOCIATES, LLP.

BY: _____
GREGORY KUCZINSKI, ESQ.(GK 3191)
Attorneys for Defendants
**ON GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC. and ROBERT ALBERTS**
220 White Plains Road, Suite 220
Tarrytown, New York 10591
(914) 347-7333

TO :    William C. Rand, Esq. (WR- 7685)
        LAW OFFICES OF WILLIAM COUDERT RAND
        711 Third Avenue, Suite 1505
        New York, New York 10017
        (212) 286-1425
        (212) 599-7909 Fax

        JEFFREY M. GOTTLIEB, ESQ. (JG- 7905)
        Attorneys for Plaintiffs
        Berger & Gottlieb
        150 East 18th Street, Suite PHR
        New York, New York 10003
        (212) 228-9795

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                          Docket No.: 07-CV-3920
-----------------------------------------------------------------X
GREGORY BELFIELD, individually and on behalf of All
Other Persons Similarly Situated,

                    Plaintiff(s),                    **AFFIDAVIT OF SERVICE**

                    - against -

GUARD ALL SECURITY SERVICES, INC. GUARD
ALL MANAGEMENT SERVICES, INC., ON GUARD
SECURITY SERVICES & INVESTIGATIONS, INC., ON
GUARD SECURITY SERVICES, INC., ROBERT
ALBERTS and JOHN DOES #1-10, Jointly and Severally,

                    Defendant(s).
-----------------------------------------------------------------X


STATE OF NEW YORK      )
                        :SS
COUNTY OF WESTCHESTER    )

      **GREGORY KUCZINSKI**, being duly sworn, deposes and says that deponent is a

member of the firm of Kuczinski, Vila, & Associates, LLP, the attorney for defendants **ON**

**GUARD SECURITY SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY**

**SERVICES, INC. and  ROBERT ALBERTS**, is over the age of eighteen and is not a party to

this action.

      On **July    5    2007,** deponent served the within Answer upon:

William C. Rand, Esq. (WR- 7685)      JEFFREY M. GOTTLIEB, ESQ. (JG- 7905)
LAW OFFICES OF WILLIAM COUDERT    Berger & Gottlieb
RAND                               150 East 18th Street, Suite PHR
711 Third Avenue, Suite 1505          New York, New York 10003
New York, New York 10017

the addresses designated by said attorneys for that purpose by depositing a true copy of same

enclosed in a postpaid properly addressed wrapper in - a post office - official depository under

the exclusive care and custody of the United States post office department within the State of

New York.

                                          _____
                                        **GREGORY KUCZINSKI (GK 3191)**

Sworn to before me this
 5  th day of July, 2007.

_____

GLADYS S. OVADIA
Notary Public, State of New York
No. 01OV5062843
Qualified in Rockland County
Commission Expires July 8, 2010

DOCKET NO.: 07- CV-3920

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY BELFIELD, individually and on behalf of All Other Persons Similarly Situated,

           Plaintiff(s),

    -against-

GUARD ALL SECURITY SERVICES, INC. GUARD ALL MANAGEMENT SERVICES, INC., ON GUARD SECURITY
SERVICES & INVESTIGATIONS, INC., ON GUARD SECURITY SERVICES, INC., ROBERT ALBERTS and JOHN
DOES #1-10, Jointly and Severally,

           Defendants.

## ANSWER TO COMPLAINT AND JURY DEMAND

**Kuczinski, Vila & Associates, LLP.**
Attorneys for Defendants
On Guard Security Services &
Investigations, Inc., On Guard Security
Services, Inc., and Robert Alberts
220 White Plains Road
Tarrytown, New York 10591
(914) 347-7333

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

      Gregory Kuczinski, Esq. hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing
ANSWER to Complaint and Jury Demand is not frivolous nor frivolously presented.

Dated:    Tarrytown, New York            Gregory Kuczinski (GK 3191)
        July 5, 2007

*PLEASE TAKE NOTICE*

☐    *that the within is a true copy of a*       *entered in the office of the clerk of the within named*
       *Court on  .*

☐    *that a      of which the within is a true copy will be presented for settlement to the Hon. one of*
       *the judges of the within named Court at      , on at 9:30 a.m.*

               **Kuczinski, Vila & Associates, LLP.**
               Attorneys for Defendant
      On Guard Security Services & Investigations, Inc., On
      Guard Security Services, Inc., and Robert Alberts
             220 White Plains Road
             Tarrytown, New York 10591
               (914) 347-7333

GK/cmp